UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80021-CIV-ALTMAN/Reinhart

**KIMBERLY RIFE**, *et al.*,
*individually, and on behalf of all others
similarly situated*,

    *Plaintiffs*,

v.

**SUNBEAM PRODUCTS, INC.**, *et al.*,

    *Defendants.*
_____/

# ORDER

The parties filed a Motion to File with Redactions [ECF No. 127], setting out their positions on redacting the Plaintiffs' second amended complaint. The Court referred that Motion to United States Magistrate Judge Bruce Reinhart. Magistrate Judge Reinhart issued a Report and Recommendation [ECF No. 135] (the "R&R"), in which he determined that the second amended complaint should be filed unredacted. Magistrate Judge Reinhart also warned the parties:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

*See* R&R at 12. That deadline has long passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 135] is **ACCEPTED and ADOPTED** in full.
2. The Motion to File with Redactions [ECF No. 127] is **DENIED**.
3. The Clerk of Court shall **UNSEAL** the Second Amended Complaint [ECF No. 122].

**DONE AND ORDERED** in Fort Lauderdale, Florida this 4th day of February 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record